## RICHARD BELLIS *vs.* CHARLES T. PHILLIPS.

1. It is improper to ask the court to charge the jury in a specific way upon a specific point, especially if it be not purely a question of law. But the court may be requested to charge upon any point of law when asked to do so in a general way, and they should not, and have no right to decline.

2. This court will not, upon *certiorari*, interfere with the judgment of the Court of Common Pleas on the verdict of a jury, when it appears they fairly had all the evidence before them, although a question of law should be raised that really had no bearing upon the result of the case, nor in any such case, except it be made plainly to appear that gross injustice has been done the party.

*Certiorari* to Hunterdon Pleas.

Argued before Justices OGDEN, WHELPLEY, and CLAWSON.

*Van Syckel*, for plaintiff in *certiorari*.

*Richey*, for defendant.

The opinion of the court was delivered by

CLAWSON, J. This was an appeal from the judgment of a justice of the peace in an action of debt on book account, and was tried in the Hunterdon Pleas before a jury, at a recent term of that court, the Common Pleas confirming the judgment of the justice. This judgment is now brought here by *certiorari* for review.

Two reasons were relied upon, one of which is, that the court did not charge the jury, at the request of attorney of appellant, that the transcript of a judgment and proceedings before Miller, a justice of the peace, had in a former suit, together with a certified copy of the state of demand filed in that suit, were a bar to any recovery in this action. The allegation being that the suit before Kline was for the same cause of action, *res adjudicata*, and therefore a legal bar to any recovery in this. The court did right in declining to charge as requested, and they ought not to have been asked thus to charge upon a direct and specific proposition. They were right in declining to charge as requested in this instance, for the additional reason, that it was not purely a question of law. Whether the transcript and demand spoken of, when compared with the demand in the case on trial, would show that this action subsequently commenced was for the same cause of action or not, was for the jury to determine. Properly considered, it was but a mere question of fact. Both actions were upon book account—one, the first, before Kline, justice, setting out some nineteen items, the total amount of which is reduced, by sundry credits with-

out interest, to $11.98—the other, the one now on trial in the Pleas, charges four items only, all of which correspond in date with the last items in the first demand, except the last, which varies only four days from it, and two of the items corresponding exactly in amounts with two of the same date in the other demand. The four items, making in the aggregate, after deducting one credit (the same which was given in the other case together with others), $11.60, the total amount demanded. If the court had been requested to charge the jury generally as to the law upon this point, they might have called their attention to the corresponding dates and amounts of these different items in each demand, and charged them, that if they believed them to have been adjudicated in the suit before Justice Kline, they could not be reinvestigated. However, the court did charge in substance that they were not prepared to charge as requested, but gave the case to the jury, saying to them, " You have the case with you, and will render such verdict as in your judgment will be in accordance with the evidence." This charge furnishes the second reason relied on for reversal.

From this point I see no reason why we should not consider the two together, because they are so intimately connected, and both based upon the same proceeding. We take it that the court merely spoke in answer to the request of the attorney when they said they were not prepared thus to charge the jury, without intending to convey the idea that the law was otherwise, or to influence the jury one way or the other. They told the jury they had the facts, and to render a verdict in accordance with the evidence. The transcript produced by the attorney of appellant did not show that the account had been adjudicated and settled, for immediately after the entry of the judgment an appeal was granted, as shown by the transcript, and so far as to any evidence before the court upon the trial of this last appeal to show how the former was disposed of there was none. There was no evidence

that the former case had been tried, and confirmed or reversed, or that the same was dismissed, or in what situation it was at the time. It seems, however, extra-judicially, that all parties by common consent, as certified by the court, considered that all proceedings in the former suit were a nullity. But at this time it does not suit the appellant so to consider, and he wishes to avail himself of the former judgment, which he does not show to be existing and unlitigated.

Whatever may have been the fact as to whether the former appeal was dismissed, thus leaving the judgment of Justice Kline in force, can make no difference here, because it was not in evidence before Justice Hill, in the last suit nor on the trial of the appeal. But the transcript certainly shows that the former suit is pending as an appeal. Whether this be the fact or not, this is all the evidence proves. It cannot be said, then, that the evidence before the court clearly showed that the same matters which were now to enter into the present verdict were res adjudicata, and therefore a bar, so as to bring it within the case. 5 Halst. 145, Davison v. Schooly.

There was really nothing in evidence, to which the special charge of the court was requested, that could influence the verdict in the least. It was adverted to by both counsel on the argument, that the former appeal was dismissed by the Common Pleas because the judgment was not according to law, and the whole proceeding acted upon as if it were a nullity. If this were so, the court did wisely and justly in charging as they did. But in this proceeding, the court will not look into facts, unless gross injustice has been done by keeping them from the court and jury below or otherwise. We cannot see in this case how any wrong has been done to either party; all the facts offered were fairly in evidence before the jury, and we can see no legal ground of reversal.

Let the judgment be confirmed.